UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RONNIE SPELLS,

                       Petitioner,

    -against-

UNITED STATES OF AMERICA,

                     Respondent.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/14

14-cv-3774 (PKC)
04-cr-1304 (PKC)

MEMORANDUM AND ORDER

CASTEL, U.S.D.J.

      Petitioner Ronnie Spells has filed, pro se, a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Spells challenges the legality of his sentence entered in United States v. Spells, No. 04-CR-1304 (GEL) (S.D.N.Y. May 23, 2008). Specifically, Spells contends that his sentence was wrongfully enhanced as a result of this Court's erroneous classification of him as a "career offender" based on crimes that he committed as a minor. For the reasons set forth below, the petition is time-barred and therefore denied.

      On October 4, 2006, Spells was convicted of one count of possession with intent to distribute crack cocaine under 21 U.S.C. § 841(b)(1)(B); one count of possession with intent to distribute heroin under 21 U.S.C. § 841(b)(1)(C); one count of possession of a firearm in furtherance of drug trafficking offenses under 18 U.S.C. § 924(c)(1)(A)(1); one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1)(A); and two counts of possession of a defaced firearm under 18 U.S.C. § 922(k). Spells was sentenced to a total term of 232 months' imprisonment. See United States v. Spells, No. 04-CR-1304 (GEL) (S.D.N.Y. Oct. 4, 2006). Spells filed a direct appeal, and the Court of Appeals for the Second Circuit vacated his conviction with respect to the two counts of possession of a defaced firearm. See United States

v. Spells, No. 06-4820-CR (2d Cir. Feb. 29, 2008). The Court of Appeals affirmed and remanded Movant's conviction with respect to the other four counts for reconsideration of sentencing in light of two intervening Supreme Court decisions. Id. On remand, this Court amended Spells's judgment by reducing his total term of imprisonment to 186 months. See United States v. Spells, No. 04-CR-1304-01 (GEL) (S.D.N.Y. May 23, 2008), appeal withdrawn per stipulation, No. 08-2765-CR (2d Cir. Aug. 4, 2008).[1]

On May 6, 2014, Spells filed the instant section 2255 motion, alleging that his sentence was enhanced as a result of this Court wrongfully classifying him as a "career offender" based on convictions for crimes he committed as a minor. Movant seeks to have his present sentence vacated and to be resentenced to the term he would have received if he was not classified as a career offender. This Court issued an order directing Spells to submit an affirmation showing cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2255(f). Spells submitted an affirmation, which was docketed on July 27, 2014. (Dkt. No. 4)

A court may dismiss an action sua sponte if it lacks an arguable basis in law or fact—i.e., if it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). 28 U.S.C. § 2255(f) creates a one-year statute of limitations for motions made under 28 U.S.C. § 2255. The limitation period begins to run on the latest of the following:

> (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3)

---

[1] This Court subsequently denied motions by Movant for credit for time served, see United States v. Spells, No. 04-CR-1304 (PKC) (S.D.N.Y. Oct. 5, 2010), and for resentencing, see United States v. Spells, No. 04-CR-1304 (PKC) (S.D.N.Y. June 15, 2011).

>the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Spells concedes that his conviction became final on the date that his final direct appeal was withdrawn by stipulation, on August 4, 2008, and does not argue that he has been prevented from bringing this petition through governmental action.

In support of his petition, Spells raises four primary arguments.  First, he contends that Alleyne v. United States, 133 S.Ct. 2151 (2013) recognized a new right that is retroactively applicable to cases on collateral review, and that the limitations period therefore began to run on the date that case was decided pursuant to section 2255(f)(3).  Second, he raises the same argument based on Descamps v. United States, 133 S.Ct. 2276 (2013).  Third, citing McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), he contends that he is "actually innocent" of being a "career offender" under the United States Sentencing Guidelines, a circumstance that he argues should equitably toll the statute of limitations.  Fourth, he considers his development of new legal arguments in collaboration with lawyers at the prison facility to constitute "the discovery of new evidence" for purposes of section 2255(f)(4).

In Alleyne, the Supreme Court held that any fact that increases the applicable mandatory minimum sentence must be found by a jury.  133 S.Ct. at 2155.  Alleyne overruled Harris v. United States, 536 U.S. 545 (2002), which had held that such facts could be judicially determined.  Spells argues that because Alleyne expressly overruled Harris, the rule announced in Alleyne is "automatically retroactively available."  However, as the plain language of section 2255(f)(3) makes clear, a right newly recognized by the Supreme Court is not automatically made retroactive.  28 U.S.C. § 2255(f)(3).  By its express terms, section 2255(f)(3) only applies

when the Supreme Court of the United States makes a newly recognized right retroactively available to cases on collateral review.  Id.; see also Tyler v. Cain, 533 U.S. 656, 663 (2001).

In United States v. Redd, the Second Circuit held that "Alleyne did not announce a new rule of law made retroactive on collateral review."  735 F.3d 88, 92 (2d Cir. 2013).  The court in Redd noted that "the Supreme Court announced the Alleyne rule without expressly holding it to be retroactive to cases on collateral review."  735 F.3d at 91.  The court further recognized that no subsequent Supreme Court decisions "necessarily dictate retroactivity of the [Alleyne] rule," id. (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001)), and that the decision in Alleyne does not fit into either of the two categories held to be automatically retroactive: Alleyne was neither "a new substantive rule[] that place[s] 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,' " nor a " 'new procedural rule[] that "[is] implicit in the concept of ordered liberty.' "  Id. (quoting Teague v. Lane, 489 U.S. 288, 311 (1989)).  Accordingly, the rule recognized in Alleyne does not qualify for the limitations period commencement date under section 2255(f)(3).

The same is true for the rule in Descamps.  In that case, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements."  133 S.Ct. at 2282.  Spells argues that Descamps is implicated because in imposing his sentence, this court "failed to utilize either the modified categorical approach and/or the modified categorical approach in determining the propriety of using the State of New York youthful offender adjudications in order to classify . . . [him] as a Career Offender . . . ."  Spells Aff. at 3.  This Court need not determine whether Descamps is implicated by Spells's sentencing, because that case has also not been made retroactive by the Supreme Court.  See Groves v. United States, No. 12-3253, 2014

WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); United States v. Chapman, __ F. Supp. 3d __, 2014 WL 1931814, at *4 (S.D. Tex. May 14, 2014) (collecting unpublished cases by federal district Courts holding that Descamps does not apply retroactively to cases on collateral review). Thus, Descamps also does not qualify Spells for the limitations period provided for under section 2255(f)(3).

Spells further argues that the "actual innocence" exception should toll the limitations period under section 2255(f) pursuant to the Supreme Court's decision in McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013). Spells does not claim to be actually innocent of the charges to which he pled guilty, but rather claims that he is innocent of being a career offender, the Sentencing Guidelines factor that increased his sentence.

The Supreme Court has considered the "actual innocence" rule "in the course of determining whether a habeas claim may be entertained despite the applicant's prior default and his inability to make the cause-and-prejudice showing that would excuse the default . . . ." Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003). In Smith v. Murray, 477 U.S. 527, 537-38 (1986) the Supreme Court applied the "actual innocence" exception to consider an alleged error at the sentencing phase of a capital trial. While these cases concerned "judge-made, prudential barriers to habeas relief, or . . . channeling judges' statutorily conferred discretion not to apply a procedural bar," 133 S.Ct. at 1937 (Scalia, J., dissenting), in McQuiggin the Supreme Court applied the "actual innocence" doctrine in the context of a federal statute, holding that a proven claim of actual innocence may overcome the one-year statute of limitations set forth in section 2255(f). Id. at 1928. Here, Spells argues that this Court should extend the actual innocence

exception to the sentencing phase of a non-capital trial to excuse the untimeliness of his section 2255 petition.

The Second Circuit squarely confronted and rejected an argument nearly identical to Spells's in <u>Poindexter v. Nash</u>, 333 F.3d 372, 380-82 (2d Cir. 2003).  There, the court rejected the petitioner's claim of actual innocence of being a career offender, noting that the petitioner's "argument is a technical one that neither asserts a claim of constitutional dimension nor constitutes a claim of 'actual innocence' as that term is used either in those cases or in habeas jurisprudence generally."  <u>Id.</u> at 380 (2d Cir. 2003).  The court further explained that the concept of actual innocence in the context of a noncapital case "means simply that the defendant did not commit the crime."  <u>Id.</u> at 381 (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 341 (1992)).  Because Spells does not argue that he is innocent of the crimes for which he was convicted, the actual innocence exception is inapplicable to this petition.

Spells also argues that his development of the legal arguments raised in his position constitutes the "discovery of new evidence."  He appears to argue that he could not have discovered these arguments through the exercise of due diligence prior to his research for the instant petition, such that the limitations period in section 2255(f)(4) should apply.  This argument is unavailing.  Section 2255(f)(4) is predicated on the date that the "<u>facts</u> supporting the claim" could have been discovered.  28 U.S.C. § 2255(f)(4) (emphasis added).  Accordingly, a petitioner's "discovery" of a new legal opinion or legal argument cannot support the application of the limitations period of 2255(f)(4).

The Court has considered the remainder of Spells's arguments and has found them to be without merit.  Accordingly, the petition is DENIED.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016–17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 30, 2014