UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RONNIE SPELLS,

                       Petitioner,

    -against-

UNITED STATES OF AMERICA,

                       Respondent.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-29-14

14-cv-3774 (PKC)
04-cr-1304 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Petitioner Ronnie Spells, proceeding pro se, moves for reconsideration of this Court's July 30, 2014 Memorandum and Order denying as untimely his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.[1]

        Motions for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). Such exceptional circumstances include "an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

---

[1] The instant motion does not appear to have been docketed properly, and it is not clear whether the government has had an opportunity to respond. The Court, however, does not consider a response necessary to the disposition of this motion.

Petitions made under section 2255 are subject to a one-year statute of limitations, which generally begins to run on "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1).  Because Spells's conviction became final on August 4, 2008, his petition, which was filed on May 6, 2014, would be untimely under this rule.  Where applicable, however, the limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Spells argues that Descamps v. United States, 133 S. Ct. 2276 (2013), created such a right that applies to his petition.

In its previous opinion, the Court held that Descamps does not apply retroactively.  Although the Second Circuit has not spoken on this issue, all the circuit courts to have considered the question agree that circuit and district courts can decide a rule's retroactivity when reviewing an initial petition under section 2255.  See United States v. Thomas, 627 F.3d 534, 536–37 (4th Cir. 2010) (collecting cases).  A rule applies retroactively only if it is a substantive rule that "alters the range of conduct or the class of persons that the law punishes," Schriro v. Summerlin, 542 U.S. 348, 353 (2004), or if it is one of a "small set" of "watershed" procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding." Id. at 352 (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990)).  The courts reaching the issue are in agreement that the rule of Descamps is neither of these.  See Putzier v. United States, 2014 WL 5149218, at *3 (N.D. Iowa Oct. 14, 2014) (collecting cases).  Neither of the two cases on which Spells relies is to the contrary.  In United States v. Isidoro, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013), the government conceded the retroactivity of Descamps.  In Lowe v. United States, 2014 WL 435351 (E.D. Wis. Feb. 4, 2014), the court held that, even if Descamps applied

retroactively, it did not announce a "new" rule in the Seventh Circuit, and thus the petitioner could have made a Descamps-type argument on direct appeal. This Court sees no reason to depart from this overwhelming consensus.

Spells next argues that the limitations period should be tolled because he is "actually innocent" of being a career offender, a classification that resulted in the enhancement of his sentence. In McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that "actual innocence," a circumstance that enables habeas petitioners to overcome procedural bars to consideration of the merits of their constitutional claims, also allows them to bypass federal habeas petitions' one-year limitations period. The actual innocence exception applies to the sentencing phase of noncapital cases. Spence v. Superintendent, 219 F.3d 162, 171 (2d Cir. 2000). In that context, however, "actual innocence" means "actual[] innocen[ce] of the act on which [the petitioner's] harsher sentence was based." Id. at 172 (emphasis added).

Spells does not argue that he did not commit the acts resulting in the prior convictions that led to his classification as a career offender. Rather, he argues that the sentencing court erroneously considered his two prior youthful offender adjudications to qualify as adult felony convictions for the purposes of the career offender classification. In Poindexter v. Nash, 333 F.3d 372, 381–82 (2d Cir. 2003), the Second Circuit rejected the similar argument of a section 2255 petitioner who challenged his career offender classification, claiming that, because he was convicted of three felonies on the same day, those prior convictions should be treated as a single conviction. The court concluded that this type of claim was "not cognizable as a claim of actual innocence." Id. at 382. Spells has suggested no way to distinguish his claim from the claim at issue in Poindexter. Moreover, the two cases on which he relies, Voelker v. Craig, 2006 WL 721610 (N.D.N.Y. Mar. 21, 2006), and Wongus v. Craig, 2006 WL 2862219

(N.D.N.Y. Oct. 5, 2006), do not help him, because in both of these cases the court rejected the petitioner's actual innocence argument. Accordingly, Spells cannot avail himself of the actual innocence tolling exception to the one-year limitations period in section 2255(f).

For the foregoing reasons, Spell's motion is DENIED.

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 24, 2014